1 | **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2 | Name  Powell, Quincy  T.
  |      (Last)    (First)    (Initial)

3 | Prisoner Number  E-24418

4 | Institutional Address  San Quentin State Prison

5 | San Quentin, CA 94974

6 |================================================================

 | UNITED STATES DISTRICT COURT
 | NORTHERN DISTRICT OF CALIFORNIA

 | E-filing

 | Quincy T. Powell
 | (Enter the full name of plaintiff in this action.)

 | CV 08   Case No.  4011
 | (To be provided by the clerk of court)

 | vs.

 | San Quentin State Prison Warden "Robert Ayers"

 | PETITION FOR A WRIT OF HABEAS CORPUS

 | (Enter the full name of respondent(s) or jailor in this action)

================================================================

<u>Read Comments Carefully Before Filling In</u>

<u>When and Where to File</u>

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland): _Fremont Superior Court_  _39439 Paseo Padre Pkwy_
_Alameda County_  _Fremont, CA 94538_

Court                                                Location

(b) Case number, if known  _CH40412_

(c) Date and terms of sentence  _12-7-06_

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)    Yes _X_    No ___

Where?

Name of Institution: _San Quentin State Prison_

Address: _San Quentin, CA 94974_

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

_Robbery in the 2nd degree / pen-code (211)_
_by force or fear._

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

    Arraignment:                                            Yes **X**      No ____

    Preliminary Hearing:                          Yes **X**      No ____

    Motion to Suppress:                           Yes ____      No **X**

4. How did you plead?

    Guilty ____     Not Guilty **X**     Nolo Contendere ____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury **X**      Judge alone ____      Judge alone on a transcript ____

6. Did you testify at your trial?               Yes ____      No **X**

7. Did you have an attorney at the following proceedings:

    (a)     Arraignment                           Yes **X**     No ____

    (b)     Preliminary hearing                 Yes **X**     No ____

    (c)     Time of plea                          Yes **X**     No ____

    (d)     Trial                                      Yes **X**     No ____

    (e)     Sentencing                            Yes **X**     No ____

    (f)     Appeal                                  Yes **X**     No ____

    (g)     Other post-conviction proceeding    Yes **X**     No ____

8. Did you appeal your conviction?       ~~Yes **X**~~    ~~No **X**~~   Yes

    (a)     If you did, to what court(s) did you appeal?

         Court of Appeal                   Yes **X**     No ____

         Year: 2007 / 2008     Result: denied

         Supreme Court of California      Yes ____     No ____

         Year: _____     Result: _____

         Any other court                   Yes ____     No ____

         Year: _____     Result: _____

    (b)     If you appealed, were the grounds the same as those that you are raising in this

|   |   |   |   |
|---|---|---|---|
| | | petition? | Yes _X_  No____ |
| | (c) | Was there an opinion? | Yes _X_  No____ |
| | (d) | Did you seek permission to file a late appeal under Rule 31(a)? | |
| | | | Yes ____  No____ |

If you did, give the name of the court and the result:

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes ____    No _X_

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

    (a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

        I.    Name of Court: _____

            Type of Proceeding: _____

            Grounds raised (Be brief but specific):

            a._____

            b._____

            c._____

            d._____

            Result: _____ Date of Result:_____

        II.    Name of Court: _____

            Type of Proceeding: _____

            Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____Date of Result:_____

III.   Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____Date of Result:_____

IV.   Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____Date of Result:_____

(b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes\_\_\_\_\_     No\_\_\_\_\_

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1  need more space. Answer the same questions for each claim.
2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent
3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,
4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]
5  Claim One: Prejudicial act of Juror misconduct that
6  led to the court directing a verdict against Appellant.
7  Supporting Facts: Brocco Juror was allowed to impose
8  a Question that implied defendant (Mr. Powell)
9  was guilty before the prosecution rested it's
10 case.
11 Claim Two:_____
12 _____
13 Supporting Facts:_____
14 _____
15 _____
16 _____
17 Claim Three:_____
18 _____
19 Supporting Facts:_____
20 _____
21 _____
22 _____
23     If any of these grounds was not previously presented to any other court, state briefly which
24 grounds were not presented and why:
25 _____
26 _____
27 _____
28 _____

PET. FOR WRIT OF HAB. CORPUS        - 6 -

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

People v. Brown (1976) 61 Cal.App.3d 476 — Brown, supra at p. 483 — Hicks v. Oklahoma (1980) 447 U.S. 343)
CALJIC No.10.46.2 People v. Owens 1994 27 Cal.App. 4th 1155
Brotherhood of Carpenters v. United States (1947) 330 U.S. 395, 408 - [91 L.Ed 973, 985

Do you have an attorney for this petition?                          Yes____    No  X
If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on  8-7-08                              *Quincy Powell*
                Date                                Signature of Petitioner

(Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS            - 7 -

## ARGUMENT

**THE JUDGMENT MUST BE REVERSED BECAUSE A JUROR MADE A PREMATURE DECISION THAT MR. POWELL WAS GUILTY, A PREJUDICIAL ACT OF JUROR MISCONDUCT, AND BECAUSE BY ASKING A QUESTION POSED BY THAT JUROR THE COURT EFFECTIVELY DIRECTED A VERDICT AGAINST APPELLANT**

### A. The Procedural Context



In this case, the court allowed jurors to submit written questions to be asked of witnesses, subject to prior review of, and approval by, the court after consultation with counsel. In that regard, in its pre-instruction of the jury before the first witness was called, the court gave the following instruction:

"After the attorneys have questioned a witness but before the witness is excused, I will allow jurors to submit questions for the witness. If you have a question that you believe should be asked of a witness, you may write out the question on a form that we will provide to you. If you have more than one question, use a separate form for each question. Do not put your name on the form.

"When you have finished, return the form to the bailiff. I will then discuss the question with the attorneys and decide whether it will be asked. Your question might not be asked for a variety of reasons, including the reason that the question may call for an answer that is inadmissible for legal reasons.

"Do not feel slighted or disappointed if your question is not asked. Also do not guess the reason your question was not asked or speculate about what the answer might have been." (3 RT 151-152.)

In response to this invitation, the court received a number of questions from the jurors.[1] On the seventh page of the packet of questions is the following question posed by a juror, to be asked of Detective Holguin: "Did you get a fingerprint from the pen Quincy used at the Fremont Bank?" Pursuant to that request, the court asked Detective Holguin, "Did you get a fingerprint from the pen Quincy used at the Fremont Bank?" (3 RT 379.)

In posing the question using the name Quincy rather than using a term such as "suspect" or "robber," this juror revealed that he or she had prematurely determined that Mr. Powell was the robber, in a case in which the defense was identity. This prejudging of the pivotal contested issue in the question was juror misconduct. Also, by asking the question in this form, the court was putting its imprimatur on the premature conclusion that Mr. Powell was the robber, thereby effectively directing a verdict against him given that the defense in this case was incorrect identification of Mr. Powell as the robber, with no defense claim that a robbery had not occurred.

**B. The Juror Misconduct**

---

[1] These questions are included in an unpaginated packet labeled "jury and/or alternate notes" added to the record in response to a request by appellate counsel pursuant to rule 8.320(b)(1), California Rules of Court.

The court, as part of its pre-instruction of the jury, directed the jurors as follows: "Keep an open mind throughout the trial. Do not make up your mind about the verdict *or any issue* until after you have discussed the case with the other jurors during deliberations." (3 RT 147; emphasis added.) Further, the opening statement of defense counsel made clear that the critical issue in the case would be whether Mr. Powell was correctly identified as the perpetrator of the robbery. For example, counsel noted: "The identification is not, not as good as [the prosecutor] would have you believe." (3 RT 175.) As discussed above, the note from the juror on November 29 showed without question that at least one juror had determined that Quincy, Mr. Powell, was the perpetrator of the robbery. Moreover, this occurred before the prosecution had rested its case the following court day, December 5, with two additional witnesses having testified for the prosecution after the juror's question of Detective Holguin, and, more importantly, before the testimony of the defense witness, Laura Janik, who cast doubt on the reliability of the identification of Mr. Powell. (See 1 CT 129-132, 153-156.)

"An accused has a constitutional right to a trial by an impartial jury. (U.S. Const., amends. VI and XIV; Cal. Const., art. I, § 16; *Irvin v. Dowd* (1961) 366 U.S. 717, 722 [81 S. Ct. 1639, 1642, 6 L. Ed. 2d 751]; [other citations omitted].)" (*In re Hamilton* (1999) 20 Cal.4th 273, 294-295.) In general, juror misconduct, such as exposure to prejudicial information about a defendant other than through the trial process, creates a presumption of prejudice with may be rebutted by proof that no prejudice actually resulted from the misconduct. (*In re Hitchings* (1993) 6

Cal.4th 97, 118.) *Hitchings* and *Hamilton* were habeas corpus proceedings because evidentiary hearings were needed to determine whether misconduct had occurred. Such is not the case here, because the juror's note leaves no room for doubt that the juror submitting the question had made up his or her mind that Mr. Powell was the robber.

Indeed, a claim of juror misconduct through prejudgment of a case was resolved on direct appeal in *People v. Brown* (1976) 61 Cal.App.3d 476. In *Brown*, evidence presented at a motion for new trial established that one juror had told another during a recess of trial that there was no doubt the defendant was guilty, and this evidence was not contradicted. (*Id.*, at p. 479.) In our case, again, no extrinsic evidence is needed to establish that a juror prejudged the guilt of Mr. Powell because the note speaks for itself.

As in *Brown*, the expression of the juror's prejudgment of the case came before the prosecution had rested, before the defense had put on its case, and of course before the court's instruction of the jury on the law and the arguments of counsel to the jury. (*Id.*, at p. 482.) The Brown court concluded: "Our review of the entire record requires the conclusion that appellant was deprived of his constitutional right to a fair trial by 12 impartial jurors and that the denial of a new trial on this ground was prejudicial error." (*Ibid.*) Thus, the judgment was reversed on this ground. (*Brown, supra*, at p. 483.) This process demonstrates that while some forms of juror misconduct may be examined in a context which leads to a finding the misconduct was not prejudicial, the prejudging of a case by

one juror is so inimical to the fundamental constitutional right to a unanimous jury, guaranteed by the California Constitution (art. I, § 16) and thereby guaranteed by the due process clause of the Fourteenth Amendment to the United States Constitution (see *Hicks v. Oklahoma* (1980) 447 U.S. 343) that this is structural error which is reversible per se. (See *Sullivan v. Louisiana* (1993) 508 U.S. 275, 281-282 ["deprivation of [the right to trial by jury], with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as 'structural error'"].) Thus, the judgment of conviction must be reversed.

The Court of Appeal rejected this contention as follows: "However, we cannot agree that the lay juror's inartful manner of expressing the question necessarily demonstrated that the juror had predetermined defendant's guilt. Indeed, if the juror had already decided that defendant was the robber, it is unlikely that he or she would have asked the question." (Slip op., p. 3.)

As to the first point, labeling the question as having been phrased in an "inartful manner" does not change the reality that this phrasing clearly and unquestionably reflected the undeniable fact that jury had already decided that Quincy was the robber - there simply is no other explanation for the juror's having phrased the question in that manner. The Court of Appeal has failed to identify any other possible explanation in rejecting a contention which was not mere speculation, as suggested by the court at page 3, but rather which was supported beyond cavil by plain English and a common sense understanding of human nature. If the rules provided as a ground for granting review that the Court of

Appeal was clearly wrong in rejecting an issue raised by appellant, this is a case in which review would be granted.

As to the second point, respondent raised this notion in its brief, and appellant answered the contention in his reply brief, at page 3, as follows: "A juror who had predetermined appellant's guilt might well have foreseen that at least one of the other jurors might have not been convinced that appellant was the perpetrator and thus hoped that police had found on the pen a print matching appellant's so that the juror would have an easier time convincing all the other jurors that appellant was the perpetrator in order to achieve a unanimous guilty verdict. The Court of Appeal did not address appellant's point on this issue, and this basis for the decision of the Court of Appeal also cannot withstand analysis.

### C. The Court Effectively Directed A Verdict

The court's adoption of the juror's use of the name Quincy rather than "robber" or "perpetrator" in asking this question, where the defense is identity as it was in this case, was improper because such use conveyed to the jury the message the judge believes the defendant was the perpetrator. This was therefore error in that the question effectively directed a finding that Mr. Powell was the perpetrator, which was the only contested issue in this case. While the directing of the finding may have been somewhat subtle, that is, something short of "I direct that you find Mr. Powell was the perpetrator," that message came through loud and clear, and juries are subject to being guided by such subtleties. (See, e.g., the defect noted in CALJIC No. 10.46.2 in *People v. Owens* (1994) 27 Cal.App.4th 1155. In *Owens*,

the court agreed with appellant that the phrasing, "The People have introduced evidence tending to prove . . ." in CALJIC No. 10.46.2 conveyed to the jury the impression that the court believed that evidence. In effect, the defect noted by the *Owens* court created an inference that a certain aspect of the case had been proved to the satisfaction of the court, which is precisely the same kind of problem which exists here.)

The impact of the court's question of Detective Holguin, even if deemed to have been a subtle message, was to have indicated to the jury that the court believed Mr. Powell was the perpetrator, and this had the effect of directing a verdict of guilt by this implied finding by the court that Mr. Powell was the robber, the only contested issue.

"It has long been recognized that a trial judge 'may not direct a verdict of guilty no matter how conclusive the evidence.' (*Brotherhood of Carpenters* v. *United States* (1947) 330 U.S. 395, 408 [91 L.Ed. 973, 985]; accord *United States* v. *Martin Linen Supply Co.* (1977) 430 U.S. 564, 572-573 [51 L.Ed.2d 642, 651-652]; [other citations omitted].) More recently, a plurality of the Supreme Court reaffirmed this principle, observing that '"[the] Court consistently has held that 'a trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict . . . regardless of how overwhelmingly the evidence may point in that direction.'" (*Connecticut* v. *Johnson* (1983) 460 U.S. 73, 84 [74 L.Ed.2d 823, 832], quoting *Martin Linen Supply, supra*, 430 U.S. at pp. 572-573 [51 L.Ed.2d at p. 652].)

"The prohibition against directed verdicts 'includes perforce situations in which the judge's instructions fall short of directing a guilty verdict but which nevertheless have the effect of so doing by eliminating other relevant considerations if the jury finds one fact to be true.' (*United States* v. *Hayward* (D.C. Cir. 1969) 420 F.2d 142, 144.) As one panel of the Fifth Circuit has stated, '[No] fact, not even an undisputed fact, may be determined by the judge.' (*Roe* v. *United States* (5th Cir. 1961) 287 F.2d 435, 440, cert. den. (1961) 368 U.S. 824 [7 L.Ed.2d 29, 82 S.Ct. 43]; accord *United States* v. *Musgrave* (5th Cir. 1971) 444 F.2d 755, 762.)" (*People* v. *Figueroa* (1986) 41 Cal.3d 714, 724; see also *United States* v. *Gaudin* (1995) 515 U.S. 506 [132 L.Ed.2d 444].)

In our case, the impact of the court's use of the name Quincy in the question was in practical effect a directed verdict that Mr. Powell was the one who had robbed the Fremont Bank. Thus, the error is clear.

Moreover, this kind of error is so significant in its impact that it was not cured by the court's generic admonition that the court in its instructions was not expressing an opinion as to the facts. (See, e.g., 1 CT 169.) Some bells simply peal too loudly and piercingly to be unrung. (See *People* v. *Hill* (1998) 17 Cal.4th 800, 845-846.)

When a judge rather than a jury has decided the outcome of a criminal jury trial -- as here, by implicitly directing the jury to find that Mr. Powell was the perpetrator -- the conviction cannot stand consistent with the Sixth Amendment right to trial by jury and the Fourteenth Amendment right to due process of law.

(Also see *People* v. *Figueroa, supra,* 41 Cal.3d 714; and *In re Winship* (1970) 397 U.S. 358, 364 [25 L.Ed.2d 368]: "[A]lthough a judge may direct a verdict for the defendant if the evidence is legally insufficient to establish guilt, he may not direct a verdict for the State, no matter how overwhelming the evidence. [Citations.]".) Thus, this is structural error, a concept discussed in Part B, and this therefore requires reversal per se.

The Court of Appeal rejected this contention by noting the jury would have understood the question did not originate with the judge and would have known the judge was not expressing an opinion on the facts or directing the outcome. (Slip op., p. 4.) Appellant did not argue below the jury would have thought the question came from the judge; of course they understood a juror had formulated the question. But the Court of Appeal has not addressed the kind of subtle influence the court's having read the question without editing it into a neutral question on guilt could have had on the jury, which was appellant's argument below. Thus, the Court of Appeal erred on this sub-point as well.

**David Y. Stanley**
Lawyer (California)

1257 Siskiyou Boulevard #171                    Phone:  (541) 488-7910
Ashland, OR 97520

**CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS**

May 20, 2008

Mr. Quincy Powell
E-24418
San Quentin State Prison
San Quentin, CA 94974

  RE: People v. Powell, Court of Appeal No. A117361

Dear Mr. Powell:

  Unfortunately, the Supreme Court has denied our petition for review. A copy of the court's order is enclosed for your records. You will note the court did not give a reason for its decision; unlike the opinion rendered by the Court of Appeal on the direct appeal, the Supreme Court is not required to give reasons when a petition for review is denied and typically no reasons are stated in this situation.

  I am closing my file on your case, and you are now in a position to pursue the case in federal court on your own, as I have described previously. Please keep in mind the information I provided about the deadlines and other procedural rules in federal court. Good luck and best wishes.

                Very truly yours,

                David Y. Stanley

Court of Appeal, First Appellate District, Div. 3 - No. A117361
S162321

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

THE PEOPLE, Plaintiff and Respondent,

v.

QUINCY POWELL, JR., Defendant and Appellant.

The petition for review is denied.

SUPREME COURT
**FILED**

MAY 1 4 2008

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
Chief Justice

Quincy Powell
E-41198
AUG 20 2008
San Quentin State Prison
San Quentin CA 94974

United States District
Court For The Northern
District / 450 Golden
Gate Avenue
San Francisco, CA.
94102-3483

